1  David J. Kaminski (SBN: 128509)
   kaminskid@cmtlaw.com
2  Keith A. Yeomans (SBN: 245600)
   yeomansk@cmtlaw.com
3  **CARLSON & MESSER LLP**
   5959 W. Century Boulevard, Suite 1214
4  Los Angeles, California 90045
   (310) 242-2200 Telephone
5  (310) 242-2222 Facsimile

6  Attorneys for Defendant,
   Midland Credit Management, Inc.

7

8                    **UNITED STATE DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12  ARAIK AVAKIAN, an individual;          ) **Case no. 2:12-cv-04384-JFW-AGR**
                                           )
13        Plaintiff(s),                    )
                                           )
14        vs.                              ) **NOTICE OF MOTION AND**
                                           ) **MOTION TO DISMISS PLAINTIFF**
15  MIDLAND CREDIT                         ) **ARAIK AVAKIAN'S COMPLAINT**
    MANAGEMENT, INC., a Kansas             ) **AND REQUEST FOR SANCTIONS**
16  Corporation; ASSET ACCEPTANCE          ) **AGAINST ARSHAK**
    LLC, a Delaware Limited Liability      ) **BARTOUMIAN**
17  Company; ENHANCED RECOVERY             )
    COMPANY, LLC, a Delaware Limited       ) Judge:   Hon. John F. Walter
18  Liability Company; GC SERVICES,        ) Date:    October 1, 2012
    LP a Delaware Limited Partnership;     ) Time:    1:30 p.m.
19  ABSOLUTE RESOLUTION                    ) Room:    16
    CORPORATION, INC. A California         )
20  Corporation;                           )
                                           ) Complaint filed May 21, 2012
21        Defendant(s).                    )
                                           )
22                                         )
                                           )
23  ─────────────────────────────────     )

24

25

26

27

28

                              1                    **MOTION TO DISMISS**
                                                 **2:12-cv-04384-JFW-AGR**
07181.00/186811-1.wpd

1  **TO THE COURT, PARTIES AND THEIR ATTORNEYS**:

2      **PLEASE TAKE NOTICE** that on October 1, 2012 at 1:30 p.m., or as soon

3  thereafter as this matter may be heard in Courtroom 16 of the above-entitled Court,

4  located at 312 North Spring Street, Los Angeles, California 90012, Defendant

5  Midland Credit Management, Inc., (referred to herein as "Defendant") will move to

6  dismiss the Complaint of Plaintiff Araik Avakian pursuant to Federal Rule of Civil

7  Procedure 12(b)(6).

8      The grounds for this Motion are that the Complaint (1) fails as a matter of law

9  to state a claim upon which relief can be granted and (2) does not contain facts

10 sufficient to meet the pleading standards articulated by the Supreme Court in *Bell*

11 *Atlantic Corp. v. Twombly* , 550 U.S. 544 and *Ashcroft v. Iqbal*, 556 U.S. 662

12 (2009).

13     This Motion is based on this Notice, the attached Memorandum of Points and

14 Authorities, the Proposed Order filed and served concurrently herewith, all papers

15 and pleadings on file, and on such further oral and documentary evidence that may

16 be offered at the Motion hearing.

17     This Motion is made following the conference of counsel pursuant to Local

18 Rule 7-3 which took place on July 16, 2012.

19     **PLEASE TAKE FURTHER NOTICE** that Defendant, also seeks an award

20 of attorneys fees and costs as a sanction against Plaintiff's counsel, Arshak

21 Bartoumian.  This request is made pursuant the Court's inherent authority on the

22 basis that Plaintiff's counsel, Arshak Bartoumian, is aware that Plaintiff's Complaint

23 fails to state a claim as a matter of law and has nevertheless continues to prosecute

24 these claims in bad faith.

25     This Motion is based upon this Notice, the attached Memorandum of Points

26 and Authorities, the Proposed Order, the records and files of this Court, and upon

27 such additional evidence and argument that may be presented at or before the

28 hearing on this matter.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

2

**MOTION TO DISMISS**
**2:12-cv-04384-JFW-AGR**

1

2

3

**Dated:**   August 22, 2012          **Carlson & Messer, LLP**

4                                    By:    /s/ Keith A. Yeomans

5                                           Keith A. Yeomans

6                                    Attorneys for Defendant,
7                                    Midland Credit Management, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

3

**MOTION TO DISMISS**
**2:12-cv-04384-JFW-AGR**

07181.00/186811-1.wpd

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II.   IQBAL/TWOMBLY PLEADING STANDARDS  . . . . . . . . . . . . . . . . . . . 5

III.  PLAINTIFF'S COMPLAINT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    A.    Defendant's Review of Plaintiff's Credit Report  . . . . . . . . . . . . . . . . . . . . . 6

    B.    Defendants' Alleged Failure to Respond to Plaintiff's Written Disputes . . . . . 7

IV.  PLAINTIFF'S FCRA & CCRAA CLAIMS FAIL AS A MATTER OF LAW  . . . . . 7

    A.    Plaintiff's Claims Under the FCRA & CCRAA Fail As a Matter of Law Because A Debt Collector May Obtain A Debtor's Credit Report to Aid In the Collection of Debt Arising from a Credit Transaction Involving the Debtor  . 8

    B.    Plaintiff's Claims Under the CCRAA Fail As a Matter of Law Because the CCRAA's Permissible Purposes Mirror Those of the FCRA . . . . . . . . . . 9

    C.    Plaintiff's Claims Under the CCRAA Fail As a Matter of Law Because Cal. Civ. Code § 1785.11 Applies Only to Credit Reporting Agencies . . . . . . . . . . 9

    D.    Plaintiff Fails to Plead a Plausible Claim for Relief Under the FCRA or the CCRAA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

V.    PLAINTIFF'S FDCPA & ROSENTHAL ACT CLAIMS FAIL AS A MATTER OF LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    A.    Plaintiff's Claims Under the FDCPA Fail As a Matter of Law Because Plaintiff Has Not Alleged Any Communications with Plaintiff Subject to the FDCPA's Notice and Disclosure Requirements . . . . . . . . . . . . . . . . . . . . 12

    B.    Plaintiff Fails to Plead a Plausible Claim for Relief Under the FDCPA or the Rosenthal Act Under Iqbal/Twombly . . . . . . . . . . . . . . . . . . . . . . 12

VI.  PLAINTIFF'S LIBEL AND FALSE LIGHT CLAIMS FAIL AS A MATTER OF LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

/ / /

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

A.  Plaintiff's Claims for Libel and False Light Fail As a Matter of Law Because Plaintiff Fails to Allege a Publication . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

B.  Plaintiff's Claims for Libel and False Light Fail As a Matter of Law Because a Credit Review Cannot Serve as the Basis for a Claim of Libel or False Light . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

C.  Plaintiff Fails to Plead a Plausible Claim for Relief for Libel and False Light Under Iqbal/Twombly . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

D.  Plaintiff's Claims for Libel and False Light Are Preempted by the FCRA . . 16

VII.  <u>AWARD OF SANCTIONS AGAINST ARSHAK BARTOUMIAN</u> . . . . . . . . . . . . 16

VIII.  <u>CONCLUSION</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

# TABLE OF AUTHORITIES

**Page No.**

Agard v. Hill,
2010 U.S. Dist. LEXIS 114215 (E.D. Cal. Oct. 26, 2010) . . . . . . . . . . . . . . . . . . . . . 15-16

Antonyan v. SRA Associates, Inc.,
No. 2:12-cv-01504-SJO-JEM (C.D. Cal. Filed 2/22/12) . . . . . . . . . . . . . . . . . . . . . . . . 18

Ashcroft v. Iqbal ("Iqbal"),
556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Atlantic Corp. v. Twombly ("Twombly"),
550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6,10,13

Ayakian v. Allied Collection Servs. of Cal., LLC,
No. 2:12-cv-04374-PA-AJW (C.D. Cal. Filed May 21, 2012) . . . . . . . . . . . . . . . . . 15,17

Ayvazian v. Moore Law Group,
2012 U.S. Dist. LEXIS 9242 (C.D. Cal. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Blair v. Bank of Am., N.A.,
2012 U.S. Dist. LEXIS 36024 (D. Or. Mar. 13, 2012) . . . . . . . . . . . . . . . . . . . . . . . 8

Chambers v. NASCO, Inc.,
501 U.S. 32 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Eisenberg v. Alameda Newspapers, Inc.,
74 Cal.App.4th 1359 (1999)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14,16

Ghazarian v. First Resolution Management Corp.,
No. 2:12-cv-01216-R-JCG (C.D. Cal. Filed Feb. 10, 2012) . . . . . . . . . . . . . . . . . . 16-17

Hasbun v. County of Los Angeles,
323 F.3d 801 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Hecimovich v. Encinal Sch. Parent Teacher Org.,
203 Cal. App. 450 (2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Jiminez v. Accounts Receivable Mgmt., Inc.
2010 U.S. Dist. LEXIS 141780 (C.D Cal. Nov. 15, 2010) . . . . . . . . . . . . . . . . . . . 12

Kahn v. Kahn,
68 Cal.App. 3d 372 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Makreas v. Moore Law Group, A.P.C.,
2011 U.S. Dist. LEXIS 80485 (N.D. Cal. July 25, 2011) . . . . . . . . . . . . . . . . . . . . 16

Marshall v. Swift River Acad., LLC,
327 Fed. App. 13 (9th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Minasyan v. Creditors Financial Group, LLC,
No. 2:12-cv-01864-ODW-FMO (C.D. Cal. filed Mar. 5, 2012) . . . . . . . . . . . . . . . . . 17

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

Myers v. Stoneleigh Recovery Assocs.,
    2012 U.S. Dist. Lexis 54729 (E.D. Cal. Apr. 18, 2012) . . . . . . . . . . . . . . . . . . . . 10-11,13

Myers v. Winn Law Group, APC,,
    2011 Dist. LEXIS 120448 (E.D. Cal. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Nazarian v. Asset Acceptance,
    No. 2:12-cv-01855-SVW-PJW (C.D. Cal. filed Mar. 12, 2012) . . . . . . . . . . . . . . 17

Olson v. Six Rivers Nat'l Bank,
    111 Cal. App. 4th 1 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Perretta v. Capital Acquisitions & Mgmt. Co.,
    2003 U.S. Dist. LEXIS 10070 (N.D. Cal. May 5, 2003) . . . . . . . . . . . . . . . . . . . . . 8

Pinto v. Pac. Creditors Ass'n,
    504 F.3d 792 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Pyle v. First National Collection Bureau,
    2012 U.S. Dist. LEXIS 56737 (E.D. Cal April 23, 2012) . . . . . . . . . . . . . . . . . . . 10

Riley v. Gen. Motors Acceptance Corp.,
    226 F.Supp.2d 1316 (S.D. Ala. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Sprewell v. Golden State Warriors,
    266 F.3d 979 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Thongnoppakun v. Am. Express Bank,
    2012 U.S. Dist. LEXIS 42943 (C.D. Cal. Mar. 26, 2012) . . . . . . . . . . . . . . . . . . 19

Ughuri v. LVNV Funding, LLC, Inc.,
    No. 2:12-cv-01224-JFW-JEM (C.D. Cal. filed Feb. 1, 2012) . . . . . . . . . . . . . . . . 18

Van Flury v. CSC Credit Servs.,
    2011 U.S. Dist. LEXIS 112109 (D. Ariz. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Vartanian v. Creditors Financial Group,
    No. 2:12-cv-00462-SJO-JEM (C.D. Cal. filed Jan. 30, 2012) . . . . . . . . . . . . . . . . 18

Vartanian v. United Collection Bureau, Inc.,
    No. 2:12-cv-00456-MWF-PJW (C.D. Cal. filed Jan. 18, 2012) . . . . . . . . . . . . . . 18

Vartanian v. Client Services, Inc.,
    No. 2:12-cv-00468-SJO-RZ (C.D. Cal. filed Jan. 23, 2012) . . . . . . . . . . . . . . . . 18

Zamanyan v. Northland Group, Inc.,
    No. 2:12-cv-01212-MWF-JEM (C.D. Cal. filed Feb. 10, 2012) . . . . . . . . . . . . . . 17

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

**Federal Statutes** | Page No.

| | |
|---|---|
| 15 U.S.C. §1681 et seq. | 4,11,16 |
| 15 U.S.C. §1692 et seq. | 4 |
| 15 U.S.C. §1692a. | 6-9 |
| 15 U.S. C. §1681b | 6-8,11 |
| 15 U.S.C. §1692e | 4,12-13 |
| 15 U.S.C. §1692f | 4,11-12 |
| 15 U.S.C. §1692g | 4, 12-13 |

**State Statutes** | Page No.

| | |
|---|---|
| Cal. Civ. Code §45. | 16 |
| Cal. Civ. Code §1785.1 et seq. | 4 |
| Cal. Civ. Code §1788 | 4 |
| Cal. Civ. Code §1788.2 | 6,8-9 |
| Cal. Civ. Code §1785.3. | 9 |
| Cal. Civ. Code 1788.17 | 11-12 |
| Cal. Civ. Code §1785.11. | 7,9 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff alleges that Defendant improperly requested and obtained a copy of Plaintiff's credit report in connection with the collection of debts owed by Plaintiff. Plaintiff further alleges that Defendant failed to respond to Plaintiff's letters challenging Defendant's right to do so. No other material facts are alleged in Plaintiff's Complaint.

Based on these facts alone, Plaintiff asserts six causes of action in his Complaint against Defendant: (1) Violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.; (2) Violations of the Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.1 et seq.; (3) Violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.; (4) Violations of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788 et seq.; (5) Libel; and, (6) Invasion of privacy by false light.

Plaintiff's Complaint fails to state a claim for relief against Defendant. It is well-established that under the FCRA and CCRAA, a debt collector may obtain a debtor's credit report to aid in the collection of an unpaid credit account.  For this reason, Plaintiff's claims fail as a matter of law.

Plaintiff remaining claims are unsupported by any facts at all.  Plaintiff alleges violations of 15 U.S.C. § 1692g and 1692e(11) which requires that specific disclosures be included by a debt collector in any communications with a debtor. At the same time, Plaintiff alleges that Defendant <u>failed to communicate with Plaintiff or respond to her letters</u>, negating any possible claim under these sections. Finally, Plaintiff asserts that Defendant's request for Plaintiff's credit report supports the common law claims of libel and false light.  Defendant's review of Plaintiff's credit report was expressly permitted by the FCRA and CCRAA cannot serve as the basis for claim of libel or false light.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

4

07181.00/186811-1.wpd

1    Not only do Plaintiff's claims fail as a matter of law, but several courts in the

2    Central District have already determined that virtually identical complaints drafted

3    and prosecuted by Plaintiff's counsel, Arshak Bartoumian, fail to state a claim for

4    which relief may be granted.  Mr. Bartoumian has filed dozens (and likely more)

5    complaints that allege identical causes of action.  The only difference in the

6    complaints are that the names and dates have been changed.  Despite the fact that

7    four courts have already held that these same complaints fail to state a claim for

8    relief as a matter of law, Mr. Bartoumian continues to prosecute them in bad faith

9    and in addition to granting this Motion to Dismiss, Defendant requests an award of

10   its attorney's fees and costs as a sanction pursuant to this Court's inherent authority.

11   **II.    IQBAL/TWOMBLY PLEADING STANDARDS**

12   Pursuant to Federal Rules of Civil Procedure 12(b)(6), the Complaint must be

13   dismissed when Plaintiff's allegations fail to state a claim upon which relief can be

14   granted.  To survive a motion to dismiss, the Complaint must contain sufficient

15   factual matter, when accepted as true, states a claim to relief that is plausible on its

16   face.  *Ashcroft v. Iqbal* ("*Iqbal*"), 556 U.S. 662, 678 (2009).  In other words, the

17   Complaint must plead facts that, if established, entitle Plaintiff to relief.  *Bell*

18   *Atlantic Corp. v. Twombly* ("*Twombly*"),  550 U.S. 544, 554-555 (2007).

19   The Complaint must plainly allege Plaintiff's claims against Defendant.  Fed.

20   R. Civ. Proc. 8(a)(2).  Its purpose is to give fair notice to Defendant of the basis for

21   Plaintiff's right to relief.  *Twombly*, 550 U.S. at 555.

22   Although detailed factual allegations are not required, labels, conclusions,

23   and formulaic recitations of the elements of a cause of action are insufficient to

24   provide Defendant with fair notice of Plaintiff's claims.  *Twombly*,  550 U.S. at 555.

25   Plaintiff must include factual allegations sufficient to raise a right to relief above the

26   speculative level.  *Twombly*,  550 U.S. at 570.  Federal Rule of Civil Procedure

27   8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to

28   relief."  *Twombly*,  550 U.S. at 570.  The Complaint's factual allegations, which, if

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

5

**MOTION TO DISMISS**
**2:12-cv-04384-JFW-AGR**

07181.00/186811-1.wpd

1  accepted as true, must state a claim for relief that is "plausible on its face."

2  *Twombly,* 550 U.S. at 570; *Iqbal,* 556 U.S. at 678.  Plausibility exists if the facts

3  alleged allow the Court to reasonably infer that Defendant is liable for the alleged

4  misconduct.  *Iqbal,* 556 U.S. at 678.

5      The Court should not assume the truth of legal conclusions unless they are

6  supported by factual allegations.  *Iqbal,* 556 U.S. at 678-79.  The Court should

7  similarly not accept as true, allegations that are merely conclusory, unwarranted

8  deductions of fact, or unreasonable inferences.  *Sprewell v. Golden State Warriors*,

9  266 F.3d 979, 988 (9th Cir. 2001).

10     In short, the Complaint's non-conclusory, factual allegations and the

11 reasonable inferences that are drawn from such facts, must plausibly state a claim

12 entitling Plaintiff's to relief.

13 **III.   PLAINTIFF'S COMPLAINT**

14     Much of Plaintiff's Complaint consists of legal conclusion devoid of factual

15 allegations.  Plaintiff's Complaint contains few relevant and material allegations

16 against Defendant.

17     **A.   Defendant's Review of Plaintiff's Credit Report**

18     Plaintiff specifically alleges that Defendant Midland Credit Management, Inc.

19 pulled Plaintiff's credit report without Plaintiff's knowledge or consent on

20 November 9, 2010. (Complaint pp. 8-9, ¶ 2.)

21     Plaintiff generally alleges that Defendant is a 'debt collector' as defined by the

22 FCRA (15 U.S.C. § 1692a(6)) and the Rosenthal Act (Cal. Civ. Code § 1788.2(c)).

23 (Complaint p. 7, ¶ 12.)  Plaintiff further alleges that Defendant sought to collect a

24 debt alleged to be owed by Plaintiff. (Complaint p. 9, ¶ 4.)

25     Plaintiff argues that Defendant's review of Plaintiff's credit report violated the

26 FCRA because Defendant does not have a 'permissible purpose' as required under

27 by 15 U.S.C. § 1681b.  (Complaint p. 13, ¶ 23.)  Without further elaboration,

28 Plaintiff also argues that the credit inquiries also violate the FDCPA and Rosenthal

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

6

**MOTION TO DISMISS**
**2:12-cv-04384-JFW-AGR**

1  Act and serve as the basis for the common law claims of libel and false light.
2  (Complaint pp. 14 & 15)

**B.    Defendant's Alleged Failure to Respond to Plaintiff's Written Disputes**

5   Plaintiff alleges that on or about October 24, 2011, he sent a letter to
6  Defendant in this case regarding the review of Plaintiff's credit report and
7  requesting a deletion of the credit inquiry from Plaintiff's credit report unless each
8  Defendant could provide support for a permissible purpose under the FCRA.
9  (Complaint p. 11, ¶ 10.)

10   Plaintiff alleges that Defendant failed to respond to Plaintiff's letter and failed
11  to delete the credit inquiry.  (Complaint p. 11, ¶ 11.)

12   Plaintiff alleges that on November 17, 2011,  he sent a follow-up letter to
13  Defendant in this case regarding Defendant's alleged failure to respond or take
14  appropriate corrective action.  (Complaint p. 11, ¶ 12.)

15   Plaintiff alleges that on January 17, 2012, he sent a second follow-up letter to
16  Defendant in this case regarding its alleged failure to respond or take appropriate
17  corrective action.  (Complaint p. 11, ¶ 13.)

18   Plaintiff alleges that Defendant again failed to take corrective action and to
19  delete the credit inquiry.  (Complaint p. 11, ¶ 14.)

**IV.    PLAINTIFF'S FCRA & CCRAA CLAIMS FAIL AS A MATTER OF LAW**

22   Plaintiff alleges that Defendant obtained Plaintiff's credit report without a
23  permissible purpose as required by 15 U.S.C. § 1681b and Cal. Civ. Code §
24  1785.11.  (Complaint p. 13, ¶¶ 22-24 & p. 14, ¶¶ 26 & 27.)

25  \\\
26  \\\
27  \\\
28  \\\

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

7

07181.00/186811-1.wpd

A.  **Plaintiff's Claims Under the FCRA & CCRAA Fail As a Matter of Law Because A Debt Collector May Obtain A Debtor's Credit Report to Aid In the Collection of Debt Arising from a Credit Transaction Involving the Debtor**

Under the FCRA, a person must have a permissible purpose for obtaining a consumer report.  15 U.S.C. § 1681b(f).  Permissible purposes are set forth in 15 U.S.C. § 1681b.  A consumer reporting agency may furnish a consumer report to a person it has reason to believe "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or <u>collection of an account of, the consumer</u>." 15 U.S.C. § 1681b(a)(3)(A)(emphasis added).  Under this provision, debt collectors are permitted to obtain a debtor's credit report to aid in the collection of a debt. *Hasbun v. County of Los* Angeles, 323 F.3d 801, 803, (9th Cir. 2003) superceded by statute as stated in *Pintos v. Pac. Creditors Ass'n*, 504 F.3d 792 (9th Cir. 2007); Perretta *v. Capital Acquisitions & Mgmt. Co.*, 2003 U.S. Dist. LEXIS 10070, at *17-18 (N.D. Cal. May 5, 2003)("Since it appears that if in fact defendant obtained plaintiff's consumer report in connection with an effort to collect a debt, plaintiff's FCRA claim fails."); *Blair v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 36025, *25-26 (D. Or. Mar. 13, 2012) (permissible to access credit report in connection with collection of debt).

Plaintiff generally alleges that Defendant is a 'debt collector' as defined by the FCRA (15 U.S.C. § 1692a(6)) and the Rosenthal Act (Cal. Civ. Code § 1788.2(c)). (Complaint p. 7, ¶ 12.)  Plaintiff specifically alleges that Defendant pulled Plaintiff's credit report.  (Complaint pp. 8-9, ¶ 2.)  Plaintiff goes on to specifically allege that Defendant "tried to purchase debts alleged to be owed by Plaintiff, considered purchasing debts alleged to be owed by Plaintiff, or looked into Plaintiff's history as a potential debtor for overdue account balances to collect on." (Complaint pp. 9 ¶ 4.)  The few facts included in Plaintiff's Complaint are actually fatal to his claims

MOTION TO DISMISS
2:12-cv-04384-JFW-AGR

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

07181.00/186811-1.wpd

1   for relief under the FCRA.

2       **B.**    **Plaintiff's Claims Under the CCRAA Fail As a Matter of Law**

3               **Because the CCRAA's Permissible Purposes Mirror those of the**

4               **FCRA**

5         Like its federal counterpart, the CCRAA also restricts the purposes for which

6   a consumer reporting agency may furnish a consumer report.  Cal. Civ. Code §

7   1785.11.  The 'permissible purposes' set forth under the CCRAA are virtually

8   identical to the FCRA.  Cal. Civ. Code § 1785.11(a)(3)(A)&(F).  Because the

9   CCRAA is substantially based on the FCRA, "judicial interpretation of the federal

10   provisions is persuasive authority and entitled to substantial weight when

11   interpreting the California provisions."  *Olson v. Six Rivers Nat'l Bank*, 111 Cal.

12   App. 4th 1, 12, 3 Cal. Rptr. 3d 301 (2003) citing *Kahn v. Kahn*, 68 Cal. App. 3d

13   372, 387, 137 Cal. Rptr. 332 (1977).  For the reasons set forth above, Plaintiff's

14   claims under the CCRAA similarly fail.

15       **C.**    **Plaintiff's Claims Under the CCRAA Fail As a Matter of Law**

16               **Because Cal. Civ. Code § 1785.11 Applies Only to Credit Reporting**

17               **Agencies**

18         Plaintiff's claim under the CCRAA fails for the additional reason that section

19   1785.11 applies only to "consumer credit reporting agenc[ies]." Cal. Civ. Code §

20   1785.11.  The permissible purpose restrictions set forth in section 1785.11 expressly

21   apply only to credit reporting agencies, not to users of credit reports.  Nowhere does

22   the provision state that a user of information shall do, or not do, anything.

23   Defendant is not a consumer credit reporting agency and it does not assemble or

24   evaluate consumer credit information for the purpose of creating and furnishing

25   consumer credit reports to third parties.  Cal. Civ. Code § 1785.3(d). More

26   importantly, Plaintiff has not alleged otherwise.  (Complaint, *passim*.)  Plaintiff's

27   claims under the CCRAA fail as a matter of law.

28   \\\

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

**MOTION TO DISMISS**
**2:12-cv-04384-JFW-AGR**

**D.     Plaintiff Fails to Plead a Plausible Claim for Relief Under the FCRA or the CCRAA**

In support of Plaintiff's alleged FCRA and CCRAA claims, Plaintiff alleges that Defendant violated the FCRA and CCRAA by "[o]btaining and reviewing Plaintiff's credit report from CRA's without having permissible purpose required under 15 U.S.C. §1681b." (Complaint p. 13, ¶ 23.)  However, merely alleging in a conclusory fashion that a Defendant "obtained his consumer credit report 'without a permissible purpose" is insufficient to state a claim for relief.  *Van Flury v. CSC Credit Servs.*, 2011 U.S. Dist. LEXIS 112109 (D. Ariz. 2011) (citing Twombly, 550 U.S. at 555); see also, *Myers v. Stoneleigh Recovery Assocs.*, 2012 U.S. Dist. LEXIS 54729, *14 (E.D. Cal. Apr. 18, 2012) (dismissing FCRA claim in which Plaintiff alleged lack of permissible purpose because he did not owe the debt Defendant sought to collect); see also, *Pyle v. First National Collection Bureau*, 2012 U.S. Dist. LEXIS 56737, *9 (E.D. Cal April 23, 2012) (conclusory assertions that plaintiff does "not owe Defendant any debt" and Defendant pulled "consumer report without permissible purpose" are insufficient to state plausible claim for relief under FCRA); see also, *Myers v. Winn Law Group, APC*, 2011 Dist. LEXIS 120448 (E.D. Cal. 2011) (dismissing FCRA claim explaining that the court is not required to accept conclusory allegation that defendant pulled report "without a permissible purpose" as true).

In *Makreas v. Moore Law Group, A.P.C.*, a pro se plaintiff filed suit under the FCRA claiming that the defendant "on two occasions, obtained plaintiff's consumer report from a consumer reporting agency without a 'permissible purpose' for doing so." 2011 U.S. Dist. LEXIS 80485, 6-7 (N.D. Cal. July 25, 2011). The court explained that although a person may not obtain a consumer report unless it is obtained for a purpose authorized by the FCRA, plaintiff's conclusory allegation that defendant lacked a permissible purpose was insufficient to state a claim. *Id.* The court found this true particularly in light of plaintiff's allegation that defendant is

10

**MOTION TO DISMISS**
**2:12-cv-04384-JFW-AGR**

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1  "engaged in the business of collecting debts in this state in the ordinary course of

2  business." *Id*. The court noted that the FCRA expressly permits receipt of a

3  consumer report for use "in connection with a credit transaction involving the

4  consumer on whom the information is to be furnished and involving the...collection

5  of an account of [ ] the consumer..." *Id.*; 15 U.S.C. § 1681b(a)(3)(A).

6      Here, Plaintiff's complaint suffers from the same defects as the complaint in

7  *Makreas*. Plaintiff merely concludes that Defendant violated the FCRA and the

8  CCRAA by requesting, obtaining, and reviewing Plaintiff's credit report without

9  having permissible purpose as required under 15 U.S.C. §1681b and Cal. Civ. Code

10 § 1785.11. (Complaint p. 9 ¶ 5, 13 ¶ 23, & 14 ¶ 27.) Plaintiff also alleges that

11 Defendant is a collection agency and that the "the credit reviews and credit inquiries

12 were used as collection tactics by Defendant with intent to obtain information and

13 thereby unfair advantage over Plaintiff and/or harm Plaintiff's good name and credit

14 rating." (Complaint p. 13, ¶ 24.) In doing so, Plaintiff admits that Defendant <u>had</u> a

15 permissible purpose under the FCRA and CCRAA as Defendant reviewed Plaintiff's

16 credit report while attempting to collect on unpaid accounts of Plaintiff.

17 **V.  PLAINTIFF'S FDCPA & ROSENTHAL ACT CLAIMS FAIL AS A**

18 **MATTER OF LAW**

19     Plaintiff alleges that Defendant violated the FDCPA by (1) failing to provide

20 notice of the debt and disclosures as required by 15 U.S.C. § 1692e(11), (2) failing

21 to provide written notice of Plaintiff's right to debt verification and information

22 about the debt as required by 15 U.S.C. § 1692g(a), (3) using false representations

23 and deceptive means to collect or attempt to collect an alleged debt in violation of

24 15 U.S.C. § 1692e(10); and (4) using unfair and/or unconscionable means to collect

25 a debt in violation of 15 U.S.C. § 1692f. (Complaint pp. 12, ¶ 17.)

26     Plaintiff's third and fourth claims also purportedly violate the Rosenthal Act

27 pursuant to Cal. Civ. Code. § 1788.17, which incorporates the provisions of the

28 FDCPA into the Rosenthal Act. (Complaint p. 13, ¶ 20.) Because Plaintiff's claims

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

11

07181.00/186811-1.wpd

1   under the Rosenthal Act are premised exclusive on the incorporation provision §

2   1788.17, Plaintiff's Rosenthal Act claims rise and fall with the success of Plaintiff's

3   FDCPA claims. *Jiminez v. Accounts Receivable Mgmt., Inc.*, 2010 U.S. Dist.

4   LEXIS 141780 at *2 n.2 (C.D. Cal. Nov. 15, 2010).

5       **A.    Plaintiff's Claims Under the FDCPA Fail As a Matter of Law**

6               **Because Plaintiff Has Not Alleged Any Communications with**

7               **Plaintiff Subject to the FDCPA's Notice & Disclosure**

8               **Requirements**

9       The first two alleged violations under the FDCPA arise from notice and

10  disclosure requirements under the FDCPA.  The FDCPA requires a debt collector to

11  provide certain written notices to a debtor "[w]ithin five days after the initial

12  communication with a consumer in connection with the collection of a debt..." 15

13  U.S.C. § 1692g(a).  Section 1692e(11) imposes mandatory disclosures that a debt

14  collector must provide in its communications with a debtor.  By the express terms of

15  the FDCPA, there must be a communication with Plaintiff in order to trigger any of

16  the notice or disclosure requirements of sections 1692g or 1692e(11).

17      Plaintiff's claims fail because Plaintiff has not alleged any communication

18  that would trigger Defendant's duties under §§ 1692g and 1692e(11).  <u>To the</u>

19  <u>contrary, Plaintiff has alleged that Defendant failed to respond to any of Plaintiff's</u>

20  <u>attempts to communicate with Defendant.</u>  (Complaint p. 11, ¶¶ 9-14.)  Plaintiff's

21  alleged violations under §§ 1692(g) and 1692e(11) fail as a matter of law.

22      **B.    Plaintiff fails to Plead a Plausible Claim for Relief Under the**

23              **FDCPA or the Rosenthal Act Under Iqbal/Twombly**

24      Plaintiff's Complaint falls short in pleading a plausible claim for relief under

25  the FDCPA and the Rosenthal Act.  Although Plaintiff's Complaint alleges

26  violations of §1692e(11), 1692g(a), 1692e(10) and 1692f, Plaintiff fails to plead

27  anything more than conclusory elements of a cause of action. In doing so, Plaintiff

28  fails to provide the "showing" necessary to entitle him to relief.  Twombly, 550 U.S.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

**MOTION TO DISMISS**
**2:12-cv-04384-JFW-AGR**

1  at 555.  As to Plaintiff's claim under §1692e(11) and §1692g(a), Plaintiff concludes

2  that Defendant failed to provide notices of debts to Plaintiff required by

3  §1692(e)(11) and §1692g(a).  (Complaint p. 12, ¶ 17.)  Plaintiff has not identified

4  any communications from Defendant which could possibly be said to violate the

5  notice and disclosures requirements of §1692(e)(11) and §1692g(a).  In fact,

6  Plaintiff explicitly states that he received no communications from Defendant.

7  (Complaint p. 11, ¶¶ 9-14.)

8         The only allegation containing any factual content, however, is that

9  Defendant accessed Plaintiff's credit report.  (Complaint pp. 8-9, ¶ 2.)  Plaintiff's

10  conclusion that it was done so without a permissible purpose" is an unsupported

11  conclusion, which fails to state a cause of action under the FDCPA.  *Myers v.*

12  *Stoneleigh Recovery Assocs.*, 2012 U.S. Dist. LEXIS 54729, *14 (E.D. Cal. Apr. 18,

13  2012).  Likewise, Plaintiff may not plead a cause of action under §1692e(11),

14  §1692g(a), §1692e(10) or §1692f by simply quoting those portions of the statute, as

15  Plaintiff as done here. (Complaint p. 12 ¶ 17.)  These allegations are merely a

16  baseless compilation of "unadorned, the-defendant-unlawfully-harmed-me

17  accusation(s)", which are clearly insufficient to satisfy Rule 8's pleading

18  requirements. *Iqbal,* 556 U.S. at 1949 (citing *Twombly*, 550 U.S. at 555). Thus,

19  Plaintiff's FDCPA claims must be dismissed.

20         Additionally, Plaintiff summarily concludes that in pulling his credit report

21  without a permissible purpose, Defendant violated 15 U.S.C. § 1692e(10) and 1692f

22  as well as California Civil Code §1788.17 by using "false representations and

23  deceptive means to collect or attempt to collect alleged debts", and by using "unfair

24  and/or unconscionable means to collect alleged debts".   (Complaint p. 12 ¶ 17 & 13

25  ¶ 20.)  Plaintiff's conclusory allegations fail to satisfy Rule 8's pleading

26  requirements.

27  \\\

28  \\\

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

13

**MOTION TO DISMISS**
**2:12-cv-04384-JFW-AGR**

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

## VI. PLAINTIFF'S LIBEL & FALSE LIGHT CLAIMS FAIL AS A MATTER OF LAW

Plaintiff alleges that Defendant's review of Plaintiff's credit report appears on Plaintiff's credit report and because Defendant is a known debt collector, there is a presumption of poor fiscal responsibility, lowering Plaintiff's credit score and injuring Plaintiff's reputation.   (Complaint pp. 14-15, ¶¶ 30-38.)

Libel and false light are virtually identical causes of action with identical elements and as a consequence, Plaintiff's claims for libel and false light rise and fall together. *Eisenberg v. Alameda Newspapers, Inc.*, 74 Cal. App. 4th 1359, 1385 n.13 (1999) ("When a false light claim is coupled with a defamation claim, the false light claim is essentially superfluous, and stands or falls on whether it meets the same requirements as the defamation cause of action.")

### A. Plaintiff's Claims for Libel and False Light Fail As a Matter of Law Because Plaintiff Fails to Allege a Publication

Publication is a required element for a claim of libel and false light. *Hecimovich v. Encinal Sch. Parent Teacher Org.*, 203 Cal. App. 450, 470 (2012) ("To prevail on a claim for defamation, plaintiff must show four elements: that defendant published the statements; that the statements were about plaintiff; that they were false; and that defendant failed to use reasonable care to determine the truth or falsity.").

Nowhere in Plaintiff's Complaint does Plaintiff allege that Defendant published any information about Plaintiff.   (Complaint, *passim*.)  Although the credit reporting agencies arguably published information about Plaintiff, Defendant has no control over the information ultimately included in a credit report by a credit reporting agency and in no way contributes to a credit report's publication. Plaintiff has not alleged otherwise and Plaintiff's claims for libel and false light fail to state a claim for relief.

///

14

07181.00/186811-1.wpd

**B. Plaintiff's Claims for Libel and False Light Fail As a Matter of Law Because a Credit Review Cannot Serve as the Basis for a Claim of Libel or False Light**

The sole basis of Plaintiff's claim for defamation and invasion of privacy rests on his conclusion that Defendant committed an unauthorized credit inquiry. (Complaint pp. 15-16, ¶¶ 29-37.) "There is absolutely no legal support for [the] claim that making a single credit inquiry constitutes libel per se. Nor is there a legal basis for Plaintiff's assertion that a credit inquiry creates a 'presumption' of fiscal irresponsibility." *Ayvazian v. Moore Law Group*, 2012 U.S. Dist. LEXIS 92429, *13-14 (C.D. Cal. 2012) (characterizing Plaintiff's claim that a single credit inquiry constitutes libel per se as "absurd.").

**C. Plaintiff fails to Plead a Plausible Claim for Relief for Libel and False Light Under Iqbal/Twombly**

Plaintiff alleges that the credit inquiries by Defendant are defamatory "because the general public and credit grantors in particular, recognize collection agencies and presume that when a collection agency pulls and reviews a consumer's credit file, there must exist a valid claim of debt owed by the consumer to such collection agency, regardless of the circumstances under which the inquiry was made." (Complaint pp. 15 ¶ 30.)

As previously stated, Defendant, as a debt collector, obtained Plaintiff's credit report for a permissible purpose. California Civil Code §45 defines libel as "a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." "If the defamatory character is not apparent on its face and requires an explanation of the surrounding circumstances (the "innuendo") to make its meaning clear, it is not libelous per se, and is not actionable without pleading and proof of special damages." *Agard v. Hill*, 2010 U.S. Dist. LEXIS

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

MOTION TO DISMISS
2:12-cv-04384-JFW-AGR

1  114215, 10-11 (E.D. Cal. Oct. 26, 2010); see also *Eisenberg v. Alameda*

2  *Newspapers, Inc.*, 74 Cal. App. 4th 1359, 1385 n.13 (1999) ["When a false light

3  claim is coupled with a defamation claim, the false light claim is essentially

4  superfluous, and stands or falls on whether it meets the same requirements as the

5  defamation cause of action."].

6       Plaintiff has failed to sufficiently plead exactly what constituted the

7  defamation/false light claimed, nor has Plaintiff pled the existence of special

8  damages.  Again, Plaintiff merely provided conclusory statements that do no satisfy

9  pleading requirements under *Iqbal/Twombly*.  Plaintiff fails to plead plausible

10  claims for libel and false light.

11       **D.**    **Plaintiff's Claims for Libel and False Light Are Preempted by the**

12          **FCRA**

13       State law claims including defamation and invasion of privacy that arise from

14  credit reporting activities are preempted by the FCRA.  15 U.S.C. § 1681t(b)(1)(F);

15  *Marshall v. Swift River Acad.*, LLC, 327 Fed. Appx. 13, 15 (9th Cir. 2009); *Riley v.*

16  *Gen. Motors Acceptance Corp.*, 226 F.Supp.2d 1316, 1322 (S.D. Ala. 2002).

17  **VII.  AWARD OF SANCTIONS AGAINST ARSHAK BARTOUMIAN**

18       Defendant seeks an award of its fees and costs in defending this Action as a

19  sanction against Plaintiff's counsel of record, Arshak Bartoumian, for continuing to

20  prosecute claims that he knows fail as a matter of law.  Federal courts have the

21  inherent power to impose sanctions against attorneys for bad faith conduct in

22  litigation.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).

23       As recognized by the U.S. Supreme Court, federal courts have inherent power

24  to assess attorney's fees against counsel for acting in bad faith, vexatiously,

25  wantonly, or for oppressive reasons.  *Id.* at 45-46.

26       Plaintiff's Complaint is one of dozens of virtually identical complaints filed in

27  the Central District.  As several Central District courts have already determined,

28  these <u>exact</u> complaints fail to state a claim for relief.  E.g., *Ghazarian v. First*

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

16

**MOTION TO DISMISS**
**2:12-cv-04384-JFW-AGR**

*Resolution Management Corp.*, No. 2:12-cv-01216-R-JCG (C.D. Cal. filed Feb. 10, 2012) (dismissed per Order dated July 26, 2012); *Zamanyan v. Northland Group, Inc.*, No. 2:12-cv-01212-MWF-JEM (C.D. Cal. filed Feb. 10, 2012) (dismissed with leave to amend per Minute Order dated July 9, 2012); *Minasyan v. Creditors Financial Group, LLC*, No. 2:12-cv-01864-ODW-FMO (C.D. Cal. filed Mar. 5, 2012)(Minute Order granting motion to dismiss dated June 19, 2012); *Nazarian v. Asset Acceptance*, No. 2:12-cv-01855-SVW-PJW (C.D. Cal. filed Mar. 12, 2012) (dismissed per Minute Order dated July 24, 2012).  The only perceivable difference in the complaints are that the names and dates have been changed.  Even worse, the present action is substantially identical to another case filed by Plaintiff Araik Avakian against Midland Credit Management, Inc. which was filed on the exact same day.  *Avakian v. Allied Collection Servs. of Cal.*, LLC, No. 2:12-cv-04374-PA-AJW (C.D. Cal. filed May 21, 2012) (alleging violations of the FDCPA, Rosenthal Act, FCRA, and CCRAA).

The fact that Plaintiff's counsel, Arshak Bartoumian, would continue to maintain two identical complaints before this Court after four separate Judges have already considered and rejected virtually identical complaints is a flagrant abuse of the judicial system and in addition to the entry of dismissal, Defendant requests that sanctions be imposed against Plaintiff's counsel pursuant to the Court's inherent authority.

Nor is the present action an isolated case of inadvertence, oversight or poor judgment.  Plaintiff's counsel is actively litigating at least twenty-two identical lawsuits against counsel for Defendant.[1]  Even though these cases are expected to be

---

[1]Antonyan v. Client Services, Inc., No. 2:12-cv-01510-DSF-E (C.D. Cal. filed Feb. 28, 2012); Antonyan v. Collection Co. of Am., No. 2:12-cv-01511-DDP-CW (C.D. Cal. filed Mar. 2, 2012): Avakian v. Midland Credit Mgmt, Inc., No. 2:12-cv-04384-JFW-AGR (C.D. cal. filed May 21,2012); Avanessians v. Legal Recovery Law Offices, Inc., No. 2:12-cv-04387-SVW-MRW (C.D. Cal. filed May 21, 2012); Ayvazian v. The Moore Law Group, No. 2:12-cv-01506-ODW-E (C.D. Cal. filed Feb. 22, 2012); Babayan v. JC Christensen & Assoc., No. 2:12-cv-02263-GHK-FFM (C.D. Cal. filed Mar. 16, 2012); Eliasian v. United Collection Bureau,

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

17

**MOTION TO DISMISS**
**2:12-cv-04384-JFW-AGR**

1  dismissed, the litigation costs in defending lawsuits *en mass* are substantial.

2      The issue in this case is not whether the Complaint states a viable claim for

3  relief, the answer to that question has already been resolved against the plaintiffs as

4  a matter of law on numerous occasions.  Rather, the issue is whether Mr.

5  Bartoumian's continued pursuit of claims which he knows lack merit warrants

6  sanctions?  And the answer is yes.

7      Arshak Bartoumian has no interest in actually litigating his clients' cases and

8  has had numerous of the copycat complaints dismissed for failure to participate in

9  his FCRA 26(f) obligations or to appear at scheduled hearings.  *Vartanian v. United*

10  *Collection Bureau, Inc.*, No. 2:12-cv-00456-MWF-PJW (C.D. Cal. filed Jan. 18,

11  2012) (dismissed by Minute Order dated July 20, 2012); *Ughuri  v. LVNV Funding,*

12  *LLC*, No. 2:12-cv-01224-JFW-JEM (C.D. Cal. filed Feb. 1, 2012) (dismissed by

13  Minute Order dated May 31, 2012); *Vartanian v. Creditors Financial Group*, No.

14  2:12-cv-00462-SJO-JEM (C.D. Cal. filed Jan. 30, 2012) (dismissed by Minute

15  Order dated June 25, 2012);  *Antonyan v. SRA Associates, Inc.*, No. 2:12-cv-01504-

16  SJO-JEM  (C.D. Cal. filed Feb. 22, 2012) (dismissed by Minute Order dated June

17  25, 2012); *Vartanian v. Client Services, Inc.*, No. 2:12-cv-00468-SJO-RZ (C.D. Cal.

18

19  Inc., No. 2:12-cv-01839-RGK-E (C.D. Cal. filed Mar. 12, 2012); Indzheyan v. Mandarich Law
20  Group, LLP, No. 2:12-cv-02066-PSG-PJW (C.D. Cal. filed Mar. 12, 2012); Khachatryan v. United
    Recovery Systems, LP, No. 2:12-cv-03084-R-FFM (C.D. Cal. filed Apr. 9, 2012); Khudaverdyan
21  v. Delta Management Associates, No. 2:12-cv-00723-PSG-JCG (C.D. Cal. filed Jan. 31, 2012);
    Mnatsakanyan v. Goldsmith & Hull, APC, No. 2:12-cv-04358-JEM (C.D. Cal. filed May 18,
22  2012); Nikogosian v. Client Services, L.P., No. 2:12-cv-00467-SJO-JC (C.D. Cal. filed Jan. 23,
    2012); Oganyan v. National Action Financial Services, Inc., No. 2:12-cv-01500-SVW-VBK (C.D.
23  Cal. filed Feb. 28, 2012); Sargsian v. Creditors Interchange Receivable Mgmt., LLC, No.
    2:12-cv-02070-RSWL-AJW (C.D. Cal. filed Mar. 12, 2012); Tanapathong v. Universal Accounts,
24  Inc., No. 2:12-cv-02141-MWF-SH (C.D. Cal. filed Mar. 14, 2012); Tervardanyan v. Creditors
    Financial Group, LLC, No. 2:12-cv-01223-SVW-FFM (C.D. Cal. filed Feb. 10, 2012); Vahanyan
25  v. Unifund Corporation, No. 2:12-cv-01849-DMG-CW (C.D. Cal. filed Mar. 5, 2012); Vartanian
    v. JC Christensen & Associates, No. 2:12-cv-00457-GAF-JCG (C.D. Cal. filed Jan. 24, 2012);
26  Vartanian v. United Recovery Systems, No. 2:12-cv-00453-PSG-PLA (C.D. Cal. filed Jan. 23,
    2012); Yepremyan v. GC Services, No. 2:12-cv-04380-PSG-FMO (C.D. Cal. filed May 21,
27  2012); Zakharyan v. CIR Law Offices, LLP, No. 2:12-cv-01792-E (C.D. Cal. filed Mar. 2, 2012);
    and, Zamanyan v. Northland Group, Inc., No. 2:12-cv-01212-MWF-JEM (C.D. Cal. filed Feb. 10,
28  2012).

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

**MOTION TO DISMISS**
**2:12-cv-04384-JFW-AGR**

07181.00/186811-1.wpd

1  filed Jan. 23, 2012)(dismissed by Minute Order dated July 12, 2012).  Referring to

2  Mr. Bartoumian, Judge Wright has indicated, "It is now quite apparent that

3  Plaintiff's counsel is neither interested in engaging in motion practice nor in

4  prosecuting his client's claims against either Defendant."  *Thongnoppakun v. Am.*

5  *Express Bank*, 2012 U.S. Dist. LEXIS 42943, *3-4 (C.D. Cal. Mar. 26, 2012).

6       Whether or not Mr. Bartoumian is interested in prosecuting his clients'

7  claims, Defendant is compelled to defend itself against them.  In addition to the

8  entry of dismissal, Defendant also seeks a determination that Arshak Bartoumian is

9  maintaining this action in bad faith and awarding Defendant its attorneys' fees and

10  costs pursuant to this Court's inherent authority.

11  **VIII. CONCLUSION**

12       For the foregoing reasons, Defendant respectfully requests that this motion be

13  granted and that this suit be dismissed with prejudice and that Defendant be

14  awarded its attorneys' fees and costs as a sanction against Arshak Bartoumian.

16  **Dated:**    August 22, 2012              **Carlson & Messer, LLP**

19                                    By:    /s/ Keith A. Yeomans

20                                           Keith A. Yeomans

21                                    Attorneys for Defendant
22                                    Midland Credit Management, Inc.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

19

07181.00/186811-1.wpd